## SERRANO, PLAINTIFF AND APPELLANT, *v.* OLIVERO, DEFENDANT AND APPELLEE.

### APPEAL from the First District Court of San Juan in an Action of Filiation.

No. 2574.—Decided July 24, 1922.

FILIATION — ACKNOWLEDGMENT — EVIDENCE. — The mere statement made at the trial by the mother and the uncle of the plaintiff that the alleged father sent her two or three dollars a month for the child's support, without anything in the record to show that the defendant had publicly treated the plaintiff as his child, is not strong and convincing evidence that the father acknowledged the plaintiff to be his natural child.

The facts are stated in the opinion.

*Mr. R. H. Rodríguez* for the appellant.

*Mr. F. C. Más* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an action of filiation which was dismissed by the trial court.

In the complaint Enrique Serrano, known as Olivero, alleged that about the year 1890 the defendant, Ignacio Olivero, had amorous relations with Lorenza Serrano, called also Dolores, while both were single and without impediment to marry, and as a result of these relations the plaintiff was born on May 4, 1897, but that although the defendant had performed acts showing his paternity he refuses to acknowledge the plaintiff.

The defendant married another woman on December 30, 1897, and the evidence regarding the date of the plaintiff's birth was very uncertain and contradictory, for while the parochial certificate shows that he was baptized on April 3, 1898, and was born on May 4 of the same year, or after having been baptized, the birth registration made by the mother in the civil registry shows that he was born on December 15, 1898; and the mother testified at the trial that before she had such relations with the defendant she had lived with a cousin of his by whom she had two children,

the first having been born in 1897, the second in 1898 and the plaintiff in 1897, that is, while she was bearing children by the other man; but later she corrected her statement and said that the first child was born in 1895, the second in 1896 and the plaintiff in 1897, and that the record made in the civil registry upon her declaration is wrong, because instead of December 15, 1898, he was born on December 15, 1897.

On this evidence the lower court concluded that the plaintiff was born, as the record of the civil registry shows, on December 15, 1898, and that therefore he was conceived after the defendant had been married for a year. But the appellant maintains that the date that should have been taken into account is that of the baptismal certificate, April 3, 1898, and that in accordance with it the plaintiff was conceived before the defendant married.

Perhaps we might accept that date as that of the plaintiff's birth, but even then there is no evidence of acts of acknowledgment by the defendant as the father of the plaintiff.

We have repeatedly said that evidence of filiation must be strong and convincing and in this case the evidence examined at the trial is not of that character, for the midwife who was present at the confinement was not engaged or paid by the defendant, but by a brother of the plaintiff's mother, although the plaintiff says that it was by the order and for the account of the defendant. The mother testified that the defendant gave her two or three dollars a month for the expenses of the plaintiff, but outside of this testimony of the mother and the uncle of the plaintiff we find nothing in the record to show that the defendant publicly acknowledged the plaintiff as his son. He admits that a short time ago he paid for a trip of the plaintiff to the United States, but says that this was not done because he considered the plaintiff his son, but in consideration of the fact that his mother, Dolores Se-

rrano, took care of the defendant's mother during her last illness and also because the defendant and his brother were the godfathers of the two children that Dolores had had by their cousin and that the ticket was paid for by both.   There is no more evidence of acknowledgment; therefore, we conclude that it was insufficient to establish that the defendant acknowledged the plaintiff as his natural son and that the court did not err in finding the said evidence insufficient.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred. Justices Wolf and Franco Soto took no part in the decision of this case.